Argued and submitted March 28,
affirmed June 16, reconsideration denied July 22,
petition for review denied September 3, 1980 (289 Or 588)

PIETILA,
*Appellant,*
*v.*
2081 FRATERNAL ORDER OF EAGLES,
*Respondent.*

(No. 102298, CA 15127)

612 P2d 742

Richard T. Kropp, Albany, argued the cause for
appellant. With him on the brief was Emmons Kyle,
Kropp & Kryger, Albany.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

**RICHARDSON, P.J.**

This case involves a cause of action in common law negligence against defendant for serving alcoholic beverages to an intoxicated person who subsequently was involved in an automobile accident resulting in injuries to plaintiff. From a judgment based on a jury verdict in defendant's favor, plaintiff appeals. The assignments of error challenge an instruction given by the court and denial of plaintiff's motion for new trial based on newly discovered evidence. We affirm.

Our disposition of the two assignments of error do not necessitate a detailed recitation of the facts. Plaintiff was injured when struck by an automobile driven by Robert Howard. Howard was substantially intoxicated. Just prior to the accident Howard consumed alcoholic beverages served to him in defendant's establishment. There was evidence from which the jury could have found that Howard was visibly intoxicated when he was served in defendant's club.

The trial court gave the following instruction, the emphasized portion of which plaintiff challenges in his first assignment of error:

> "In order for the plaintiff to prevail under his cause of action against the defendant, he must prove by a preponderance of the evidence that: (1) Defendant served Robert Howard intoxicating beverages at a time when he was visibly intoxicated; and (2) At such time it was reasonably forseeable that Robert Howard would drive an automobile upon leaving the premises and operate such vehicle while intoxicated; and (3) *The intoxicating beverages served by the defendant contributed significantly to Robert Howard's intoxication;* and (4) That Robert Howard's operation of his vehicle while intoxicated was a substantial cause of the injuries to the plaintiff."

Plaintiff's objection to the instruction was: "We feel that under the *Campbell v. Carpenter* [279 Or 237, 566 P2d 893 (1977)] case that merely need be a substantial factor, need not contribute significantly * * *."

On appeal plaintiff advances a different argument in opposition to the instruction. He contends he is only required to prove that defendant served an alcoholic beverage to an intoxicated person and that there is no requirement that the defendant's actions contributed in any way to the persons intoxication. This contention was not made in the trial court. We decline to consider this argument on the first assignment of error.

In his second assignment of error plaintiff argues that he should be granted a new trial on the ground of newly discovered evidence, ORS 17.610(4). This argument has no merit. The evidence would not have changed the result at trial; it could have been discovered at trial with due diligence; it was impeaching; and finally, the facts alleged in the supporting affidavit were disputed and rebutted by defendant. *Newbern v. Exley Produce Express,* 208 Or 622, 637, 303 P2d 231 (1956). A new trial is not in order.

Affirmed.