Argued and submitted March 4, affirmed as modified May 11, 1983

# CITIZENS VALLEY BANK,
*Respondent,*
*v.*
# MUELLER et al,
*Defendants,*
# HOFFMAN et al,
*Appellants.*

(16-82-03823; CA A26098)

662 P2d 792

Gordon R. Hanna, Eugene, argued the cause for appellants. With him on the briefs were Frye, Hanna & Veralrud, P.C., Eugene.

Dean M. Quick, Albany, argued the cause for respondent. With him on the brief was Weatherford, Thompson, Brickey & Powers, P.C., Albany.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendants appeal from a summary judgment in this suit to foreclose a mortgage.

Plaintiff held a mortgage on land owned by defendants. It contained an acceleration clause that, on defendants' default in performance of any of its covenants, allowed plaintiff, at its option and without notice, to declare the balance owing due and payable and to foreclose. Lane County threatened to condemn part of the land. When a title company called plaintiff to inquire whether plaintiff would release its interest in the land, plaintiff learned that proceeds from the proposed condemnation were to be applied to delinquent taxes on the land. Plaintiff declared a default for failure to pay taxes and initiated this suit.

Defendants' answer denied certain allegations and asserted various affirmative defenses. Plaintiff moved for summary judgment. By affidavit, plaintiff's executive vice president related the substance of the title company's telephone conversation. Defendants filed a memorandum in opposition to summary judgment but no affidavits. The trial court granted summary judgment for plaintiff for the balance due plus 10 percent interest per annum until paid. Defendants moved for reconsideration. Their affidavit rebutted some of the allegations contained in plaintiff's affidavit. Reconsideration was denied.

Defendants contend that (1) plaintiff's affidavits contained inadmissible hearsay; (2) a genuine issue of material fact existed concerning the proper rate of interest to be paid on the judgment; (3) the contract was ambiguous; (4) defendants' memorandum in opposition to summary judgment contained fact assertions sufficient to defeat summary judgment; and (5) payment of taxes after commencement of the suit cured any default.

■ Defendants did not object in the trial court to the hearsay contained in plaintiff's affidavits. Therefore, we will not consider the claimed error. *State v. Hickmann,* 273 Or 358, 540 P2d 1406 (1975); *Pietila v. Eagles,* 46 Or App 591, 612 P2d 742, *rev den* 289 Or 588 (1980).

■ Plaintiff concedes that the trial court erred in ordering interest at 10 percent rather than at 8-1/2 percent as provided in the mortgage. Because a decision on that question involved the construction of an unambiguous provision in the mortgage, partial summary judgment on that question was proper. Accordingly, we modify the judgment to change the interest rate from 10 to 8-1/2 percent.

■ Defendants next contend that the clause in the mortgage requiring them to make certain payments when due is ambiguous and required extrinsic evidence to resolve the ambiguity. The mortgage required defendants to "pay, when due, the indebtedness hereby secured, with interest, as prescribed by said note and all taxes, liens and utility charges upon said premises * * *." Defendants argue that it is unclear whether "when due" modifies "all taxes" or merely modifies "indebtedness hereby secured." Because defendants raise this issue for the first time on appeal, we decline to consider it.

■ Defendants next contend that plaintiff's unrebutted allegation of lack of knowledge of the delinquent tax payments does not negate defendants' affirmative defenses of waiver and estoppel. The essence of any waiver or estoppel, however, is knowledge. *Earls et ux v. Clarke, et al,* 223 Or 527, 530, 355 P2d 213 (1960); *Grau v. Northwestern Mut. Ins. Co.,* 221 Or 240, 245, 350 P2d 1082 (1960). Defendants did not rebut plaintiff's assertion of lack of knowledge. They contend, however, that their memorandum in opposition to summary judgment contained sufficient factual allegations to defeat summary judgment. Apparently, no affidavit was submitted by defendants until after summary judgment was granted and defendants requested reconsideration. The memorandum defendants rely on is not included in the record on appeal, which contains only the documents defendants designated for inclusion. We need not decide, therefore, whether defendants' factual assertions in their memorandum were sufficient to raise a fact issue. The trial court could accept as true plaintiff's unrebutted assertion of lack of knowledge, *Comley v. State Bd. of Higher Ed.,* 35 Or App 465, 469-470, 582 P2d 443 (1978), and properly enter summary judgment.

■ At the time the foreclosure suit was filed, the delinquent taxes had not been paid. Defendants alleged in their answer that all delinquent taxes were paid following the filing

of plaintiff's complaint. Defendants now contend that such a payment cures any default and defeats a foreclosure. While some courts have held that payment of delinquent taxes *prior* to institution of a suit to foreclose will preclude foreclosure in the absence of an impairment of the mortgagee's security, foreclosure is generally permitted when taxes are delinquent when a foreclosure suit is commenced. *See Heimer v. Albion Realty & Mortgage Inc.,* 300 So2d 31 (Fla App 1974); *Bozeman v. Horton,* 245 Ga 188, 263 SE2d 922 (1980); *Fontana v. Walker,* 249 Md 459, 240 A2d 268, *cert den* 393 US 927 (1968); *Erickson v. Newell,* 183 Neb 641, 163 NW2d 286 (1968); *Foothill Ind. Bank v. Mikkelson,* 623 P2d 748 (Wyo 1981). We find no error.

■■ Defendants contend that the trial court erred in denying their motion to reconsider. With their motion, they submitted for the first time an affidavit controverting facts on some of the above issues. They gave no indication why that affidavit could not have been submitted prior to the trial court's consideration of plaintiff's motion for summary judgment. The reopening of a summary judgment hearing is analogous to reopening a case after trial to allow a party to present new evidence or testimony, a matter addressed to the sound discretion of the court and which we will not disturb absent manifest abuse. *Portland Elec. & Plumb. v. Cooke,* 51 Or App 555, 558, 626 P2d 397, *rev den* 291 Or 117 (1981). We find no error.

Judgment modified to change interest to 8-1/2 percent per annum; affirmed as modified.