765 P.2d 536

**David Florica VONK and Romaine M. Vonk, husband and wife, Plaintiffs/Appellees,**

v.

**Jess A. DUNN, Juanita R. Dunn, Frank M. Dunn, Defendants/Appellants.**

**No. 2 CA–CV 87–0354.**

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1988.

Review Granted Jan. 10, 1989.

David P. Flannigan, P.C. by David P. Flannigan, Bisbee, for plaintiffs/appellees.

Jess A. Dunn, Juanita R. Dunn and Frank M. Dunn, Tucson, in pro. per.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from an order of summary judgment in favor of the mortgagee in a foreclosure action. We affirm.

These are the essential facts. In 1982, the defendants (the Dunns) purchased 160 acres of land in Cochise County from the plaintiffs (the Vonks), giving a promissory note secured by a realty mortgage for $24,000 at 8% per annum. The terms of the promissory note provided that payments were due on the first day of each month, with a ten-day grace period, and provided for acceleration of the entire principal balance and interest in the event of default. The note also provided: "No notice of default shall be necessary to commence the running of the ten (10) day grace period herein above allowed and provided for." In addition to this waiver of notice, the note provided in a single sentence paragraph near the end of the note: "The makers waive diligence, demand, protest and notice." The note was secured by a realty mortgage which required the Dunns, inter alia, "to pay before delinquent any taxes ... levied against said premises ..." under penalty of having the "principal sum of said Note ... deemed and taken to be wholly due and payable ..." and to pay attorney's fees and costs incurred in collection proceedings.

The record reveals that after the sale there was steady correspondence between the parties. This correspondence, which refers to telephone calls between the parties, primarily addressed a series of late payments over a consecutive six-month period in the first part of 1986. In July 1986, the Vonks sent a letter to the Dunns, stating that time was of the essence and that strict compliance was necessary to avoid foreclosure proceedings. The Vonks also insisted on prompt payment of the taxes on the property, which were unpaid and delinquent, in compliance with the terms of the mortgage. The Dunns acknowledged the strict compliance letter, promising timely future payments. Subsequent payments were timely but, unknown to the Vonks, the taxes were again due and unpaid in November 1986.

On or about February 1, 1987, the Vonks received the Dunns' check for the February 1 payment. They deposited the check, which was returned unpaid by the Dunns' bank marked "Insufficient Funds." Upon return of the unpaid check on or about February 5, the Vonks contacted their attorney about initiating foreclosure proceedings. They never notified the Dunns that the check had been returned. During the next few weeks, before filing the foreclosure action, the Vonks' attorney learned that the Dunns were also in default for unpaid taxes. On February 27, 1987, suit was filed alleging the failure to pay both the February payment and the taxes.

The Dunns, upon receipt of the Vonks' complaint, checked with their bank and learned that the bank had wrongfully dishonored the check for the February payment. A letter from the bank to the Dunns confessing the error was sent to the Vonks' attorney, who offered to dismiss the foreclosure proceedings if the Dunns brought the payments current and paid $932.65 in incurred attorney's fees. The Dunns refused, arguing the costs were unreasonable as they could have been easily avoided by notice from the Vonks during the February 10–day grace period. The Dunns did pay the delinquent tax bill sometime in March 1987 after the foreclosure suit had been commenced.

The plaintiffs moved for summary judgment, which was granted, and judgment was entered for the plaintiffs. At the sheriff's sale, the plaintiffs purchased the property with the judgment.

On appeal the court views the record in the light most favorable to the party oppos-

ing summary judgment and will affirm only if no genuine issue of material fact is presented. *Browne v. Nowlin,* 117 Ariz. 73, 74, 570 P.2d 1246, 1247 (1977). Furthermore, the judgment must be proper as a matter of law. *Id.*

The Dunns argue that the foreclosure was oppressive and unconscionable, citing *Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Assoc.,* 95 Ariz. 98, 387 P.2d 801 (1963). They argue that they were not given an opportunity to re-issue the February payment or to investigate the wrongful dishonor of their check before the Vonks triggered the acceleration clause. The Vonks assert that under the terms of the note and mortgage they had no duty to notify the Dunns of the returned check, having notified the Dunns in July that time was of the essence and that future late payments would result in foreclosure proceedings.

We need not reach the issue of whether the Vonks should have given the Dunns an opportunity to clear up the returned check. The Dunns were in default on the payment of taxes as of November 1986. The terms of the mortgage provided for acceleration of the entire debt if the taxes became delinquent, which they were at the time the foreclosure action was filed. The payment of the delinquent taxes by the Dunns after the foreclosure suit had been filed was too late and did not bar acceleration. *Citizens Valley Bank v. Mueller,* 63 Or.App. 152, 662 P.2d 792 (1983); *Jones v. Burr,* 223 Neb. 291, 389 N.W.2d 289 (1986). And see, *Balducci v. Eberly,* 304 Md. 664, 500 A.2d 1042 (1985).

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.