Argued and submitted February 19, affirmed July 27, 1988

JACOB et al,
*Appellants,*

*v.*

BLUE CROSS AND BLUE SHIELD OF OREGON,
dba Northwest Hospital Services,
*Respondent.*

(85-0557; CA A43950)

758 P2d 382

Thomas S. Boothe, Portland, argued the cause for appellants. On the appellants' brief were Ferris F. Boothe, and Boothe & Powers, Portland. On the appellants' reply brief was Thomas S. Boothe.

I. Franklin Hunsaker, III, Portland, argued the cause for respondent. With him on the brief were Jack L. Hoffman, Chrys A. Martin, and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J.

**DEITS, J.**

Plaintiffs appeal a summary judgment for Blue Cross and Blue Shield of Oregon (Blue Cross) in this action for breach of a health insurance contract. The trial court granted the judgment on the basis that there are no genuine issues of material fact and that, as a matter of law, the claimed treatment and related expenses are not covered under the insurance contract. We affirm.

Plaintiff father had a health insurance contract with Blue Cross. His son, San, contracted cancer. Blue Cross paid benefits for conventional treatment of the disease. However, it denied reimbursement for "Gerson therapy," which San received in Tijuana, Mexico, and for immuno-augmentive therapy (IAT), which he received in the Bahamas. Gerson therapy involves dietary restrictions. IAT therapy entails treating the patient with human serum protein fractions that purportedly bolster the immune system. Blue Cross' denial of coverage was based on exclusions in the contract for "treatment not medically necessary" and "experimental procedures."

Plaintiffs argue that the trial court erred in granting summary judgment, because there were material questions of fact relating to the effectiveness of the treatments. However, the efficacy of the treatments is not the issue. The relevant inquiry is whether the insurance contract excluded the treatments.

Part of the medical services at issue here were rendered under a 1977 contract and part under a 1983 contract. Both contracts contained this exclusion:

"*Treatment Not Medically Necessary:*

"Services or supplies that are not medically necessary for the treatment of an illness or injury."

The 1977 policy contained a definition of "medically necessary:"

"G. 'Medically Necessary' and 'Medical Necessity' are terms which define a service or treatment which, in the judgment of Blue Cross:

"1. Is appropriate and consistent with the diagnosis and which in accordance with accepted medical standards in

the State of Oregon could not have been omitted without adversely affecting the patient's condition or the quality of medical care rendered * * *."

The 1983 contract also defined the same term:

"Treatment is *Medically Necessary* when, in our interpretation of accepted medical standards in our service area, it cannot be omitted without adversely affecting the patient's condition * * *."

The 1983 contract also contained this exclusion:

"*Experimental Procedures:*

"Services and supplies that are, in our judgment, experimental or investigational. These include any that are not recognized as conforming to accepted medical practice; and any for which the required approval of a government agency has not been granted at the time the services are provided."

The 1977 contract excluded:

"5. Any procedure or treatment in which the scientific assessment of the technique has not been completed and its effectiveness has not been established * * *."

■ Blue Cross denied coverage for the Gerson and IAT therapies, because it determined that they were not medically necessary and were experimental or investigational. The uncontroverted affidavits in support of Blue Cross' motion for summary judgment indicate that the therapies are not in accordance with accepted medical standards in Blue Cross' service area. Accordingly, there was an objective basis for Blue Cross' determination that they were not medically necessary. Also, the uncontroverted affidavits establish that the therapies have not been approved by appropriate government agencies and, thus, Blue Cross could also objectively conclude for that reason that they come within the exclusion of experimental treatment.

■ Plaintiffs argue that the insurance contract is a contract of adhesion and, therefore, should be construed against

the insurer.[1] An adhesion contract is one prepared by one party, often in a standard form, and presented to the other party on a "take it or leave it" basis, with no opportunity to negotiate its terms. Generally, such a contract is construed against its drafter. *See Derenco v. Benj. Franklin Federal Savings and Loan Association,* 281 Or 533, 577 P2d 477 (1978). The contracts here are adhesion contracts. However, there is no ambiguity in the language of the exclusionary provisions that requires construction. We have said that "[i]t is not permissible to apply a strained meaning to unambiguous language to create an ambiguity where none exists so that interpretation may be indulged to extend coverage." *Mortgage Bancorp. v. New Hampshire Ins. Co.,* 67 Or App 261, 264, 677 P2d 726, *rev den* 297 Or 339 (1984). The language of the exclusions is clear.[2]

■ ■  Plaintiffs argue that a denial of summary judgment for Blue Cross by a trial court in an earlier case, involving the same issues but a different plaintiff, is binding in this case by collateral estoppel. Collateral estoppel prevents relitigation of a particular issue or determinative fact that was the basis of an earlier decision in a different cause of action. *See Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970). A denial of summary judgment does not necessarily decide an issue; it decides only that there is a triable issue of fact. Accordingly, collateral estoppel does not bar defendant's summary judgment.

Affirmed.

---

[1] Plaintiffs also argue that the language in the contract which allows Blue Cross to exercise its judgment as to whether services are medically necessary or experimental is unenforceable, because it is unfair to allow an insurer to decide what is covered under its policy. Blue Cross does not have unlimited discretion to decide what is and is not covered. In determining whether a claim falls within the exclusions, it must apply the objective standards set forth in the exclusions and, as in the performance of every contract, it must carry out its obligations under the contract in good faith. *Best v. U.S. National Bank,* 303 Or 557, 739 P2d 554 (1987).

[2] On appeal, plaintiffs argue for the first time that Blue Cross interfered with their right to select their own medical treatment. That contention was not made below; we therefore decline to consider it here. *Pietila v. Eagles,* 46 Or App 591, 612 P2d 742, *rev den* 289 Or 588 (1980).