Argued and submitted April 7, affirmed September 6, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID KURT BAUMAN,
*Appellant.*

(87-0720; CA A47604)

779 P2d 185

Ingrid A. MacFarlane, Assistant Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

### EDMONDS, J.

Defendant was convicted by a jury of sexual abuse in the first degree. ORS 163.425. He appeals, making three assignments of error. We affirm.

The victim was three years old at the time of the alleged abuse and four years old at the time of trial. Her mother left her in the care of a babysitter while she was at work. Defendant lived with the babysitter and allegedly sexually abused the child while she was in the babysitter's care.

■ Defendant first assigns error to the trial court's denial of his motion to strike the child's testimony as incompetent. OEC 601 provides that "[a]ny person who, having organs of sense can perceive, and perceiving can make known the perception to others, may be a witness." Defendant contends that the child was unable to communicate her perceptions to the jury. The determination of competency is a matter committed to the sound discretion of the trial court. *State v. Lantz,* 44 Or App 695, 698, 607 P2d 197, *rev den* 289 Or 275 (1980); *State v. Stich,* 5 Or App 511, 513, 484 P2d 861, *rev den* (1971). We have reviewed the transcript of the child's testimony and find no abuse of discretion in the trial court's determination that she was a competent witness.

■ Defendant next assigns error to the admission of hearsay testimony by a physician and a police officer concerning the nature of the abuse and the identity of the abuser. Pretrial, defendant moved generally to exclude hearsay statements of the child that went beyond those permitted by OEC 803(18a).[1] The trial court granted defendant's motion.

At trial, this examination of a physician witness occurred:

"Q [PROSECUTING ATTORNEY]: [D]id you have occasion to examine [the victim]?

---

[1] OEC 803 provides, in relevant part:

"The following [is] not excluded by ORS 40.455, even though the declarant is available as a witness:

"* * * * *

"(18a) A complaint of sexual misconduct made by the prosecuting witness after the commission of the alleged offense. Such evidence must be confined to the fact that the complaint was made."

"A [PHYSICIAN]: Yes, I did.

"* * * * *

"Q: And who brought her into your office?

"A: She was brought in by her mother.

"Q: And was she a regular patient of yours?

"A: No. I hadn't seen her before.

"Q: You had never seen her before?

"A: No.

"Q: All right. And what was the purpose of her mother bringing her to your office?

"A: The mother was concerned that there had been sexual abuse of the girl, purportedly by the babysitter's boyfriend.

"Q: All right. And did she give you a medical history?

"A: She indicated to me that this had been —

"[DEFENSE ATTORNEY]: Your honor, I'm going to object. This is hearsay.

"* * * * *

"[DEFENSE ATTORNEY]: If this is from the mother as opposed to the child.

"THE COURT: [H]e can respond.

"* * * * *

"Q [PROSECUTING ATTORNEY]: Can you relate the history that the mother gave you?

"A: At that time the mother indicated to me that the babysitter's boyfriend had placed his fingers in the vaginal area of the infant and also kissed this area."

The state concedes that, by identifying defendant, the physician's testimony exceeded the scope of OEC 803(18a), but correctly points out that defendant did not object to that answer. Defendant objected only to testimony regarding medical history, because it "is from the mother as opposed to the child." Under OEC 803(4),[2] statements made for medical diagnosis and treatment by a family member other

---

[2] OEC 803(4) provides an exception to the hearsay rule:

"Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause of external source thereof in so far as reasonably pertinent to diagnosis or treatment."

than the person who is the subject of the diagnosis or treatment are admissible. Kirkpatrick, *Oregon Evidence* 361 (1982). Because defendant did not object at trial that the physician's testimony exceeded the scope of OEC 803(18a), he cannot now assert that basis for objection. *Pietila v. Eagles,* 46 Or App 591, 612 P2d 742, *rev den* 289 Or 588 (1980).

■     The second hearsay ruling assigned as error occurred during the testimony of a police officer:

"Q [PROSECUTING ATTORNEY]:   [D]id you have occasion to talk to the victim's mother * * *?

"A [POLICE OFFICER]:   Yes.

"* * * * *

"Q:   Okay, and what did she tell you?

"* * * * *

"A:   And she related to me that [the child] was having some problems.

"[DEFENSE ATTORNEY]:   Objection, hearsay, to this portion of the witness' testimony, and move to strike.

"THE COURT:   * * * The objection is overruled.

"Q [PROSECUTING ATTORNEY]:   Go on, lieutenant.

"A:   She related to me that [the child] was complaining about having problems going to the bathroom, and so she had asked her, and all she had told [her mother] is that [the babysitter's] boyfriend had touched her."

The state argues that those statements represent prior consistent statements of the victim which are not hearsay and are therefore admissible. OEC 801(4)(a)(B). The trial court admitted them as statements of the victim's then existing mental, emotional or physical condition. OEC 803(3). Both arguments apply to the issue of admissibility of the child's statement to her mother, but do not address the issue regarding her mother's statement to the police officer. The police officer's testimony was hearsay about hearsay, because it stated what the mother said that the child said. The testimony was inadmissible, unless it met the requirements of OEC 805.[3] Even if the child's statement to her mother is

---

[3] OEC 805 provides:

"Hearsay included within hearsay is not excluded under [OEC 802] if each part of the combined statements conforms with an exception set forth in [OEC 803] or [OEC 804]."

admissible under OEC 801(4)(a)(B) or OEC 803(3), the statement by the mother to the officer does not conform to any exception in OEC 805. The trial court erred in admitting this testimony over defendant's objection.

■ Defendant's third assignment of error challenges the admission of testimony by the child's mother describing the child's previous testimony. The child was permitted to roam the courtroom while she testified. She delivered some portion of her testimony while she was sitting on the floor under counsel's table. The child's mother was sitting in the front row of the gallery while the child was testifying. Defendant did not object to any of the child's testimony, but objected on hearsay grounds when the child's mother testified as to what she saw and heard her daughter say and do while the child was under the table.

OEC 103(1) provides:

"Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

The Supreme Court has interpreted that provision to mean that reversal for evidentiary error is not required unless the error was likely to have affected the result. *State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987). Even if the admission of the mother's testimony was error and even though the admission of the police officer's testimony regarding the identification of defendant was error, the errors were harmless. The court reporter was able to hear the child and report her testimony in its entirety. The mother's testimony was consistent with the court reporter's transcript of the child's testimony. The child testified that she was subjected to abuse, she demonstrated the abuse with a doll and she identified defendant as her abuser. The physician testified that the child's vagina showed evidence of abuse and that her regressive behavior was typical of child sexual abuse victims. A police officer testified, without objection, that the child told him "that a bad man had put his finger between her legs" and that the child's grandmother told him "that the babysitter's boyfriend * * * fondled her during the babysitting." A police officer also testified, without objection, that the child told him that the babysitter's boyfriend had touched her on her "toosh" and that the victim

performed a demonstration of the abuse upon an anatomically correct doll supplied by the officer.

Under these circumstances, we find that any error in admitting evidence was unlikely to have affected the result because of the substantial and convincing evidence of defendant's guilt. *State v. Hansen, supra; see also State v. Miller,* 300 Or 203, 220-21, 709 P2d 225 (1985), *cert den* 475 US 1141 (1986).

Affirmed.