Barbara J. ZIMMERMAN,
*Respondent - Cross-Appellant,*

*v.*

ESTATE OF LUTHER P. COOK,
Reba M. Cook and Delores M. Johnson,
*Appellants - Cross-Respondents,*

Wilbur E. BARTH,
Dora M. Barth, and State of Oregon,
*Respondents,*

*and*

UNKNOWN OCCUPANTS OF
766 NW 3RD STREET,
GRANTS PASS, OREGON, 97526,
and County of Josephine, Oregon,
*Defendants.*

(90-CV-0023; CA A71469)

855 P2d 193

Dennis R. Ingram, Grants Pass, argued the cause for appellants - cross-respondents. With him on the briefs was Ingram, Rich & Hall, Grants Pass.

Frank C. Rote, III, Grants Pass, argued the cause for respondent - cross-appellant. With him on the briefs was Brown, Hughes, Bird, Lane & Rote, Grants Pass.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent State of Oregon.

Respondents Wilbur E. Barth and Dora M. Barth waived appearance.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Defendant Delores Johnson and her parents Luther Cook (now deceased) and defendant Reba Cook purchased a house and land from plaintiff by land sale contract in September, 1984. Johnson deeded her vendee's interest to Reba Cook in February, 1988. The contract calls for monthly payments of $400, to be made on the tenth of each month. It requires that defendants promptly pay all taxes when due. During the life of the agreement, defendants regularly made their payments late. Defendants also became delinquent on the payment of real property taxes. In 1988, Cook obtained a senior citizen deferral of property taxes for the tax year 1989-90. In 1989, the property was disqualified from tax deferral because Cook was not the sole owner of the property.

On January 8, 1990, defendants attempted to bring the contract payments current by sending plaintiff a check for $1,400. After that payment, defendants received a letter from plaintiff's attorney, dated December 28, 1989, demanding that two payments totalling $800 be made and that all real property taxes be paid. Plaintiff sought strict foreclosure on January 24, 1990. At the time this action was commenced, there were still delinquent taxes owing that had not been deferred. Defendants paid those taxes in May and June, 1990.

The trial court's "Second Amended Interlocutory Decree of Strict Foreclosure of Real Estate Contract" provides:

"1) Plaintiff agreed to modification of her Contract terms to permit deferral of taxes by [defendant] REBA M. COOK and Defendants tendered the necessary sums to cure the late payment default condition within the required 14 day period as alleged in Defendants' claim for declaratory relief and affirmative defense of waiver. Defendants' request for declaratory relief is allowed provided that Defendants * * * were required to do one of the following within 60 days of June 19, 1991:

"a) To pay Plaintiff through the Clerk of the Court the contract arrearages of $8,200.00, the monthly payments of $400.00 due on July 10, 1991, and August 10, 1991; the delinquent 1990-91 real property taxes together with accrued interest thereon (due upon the property described in paragraph 3 below); and Plaintiff's costs of $939.94 and

reasonable attorney fees of $6,159.50 as determined by the Court; or

"b) To pay plaintiff through the Clerk of the Court the contract arrearages of $8,200.00; monthly payments of $400.00, due July 10, 1991, and August 10, 1991; and Plaintiff's costs of $939.94 and reasonable attorney fees of $6,159.50 as determined by the Court. Defendants must prove that but for foreclosure all taxes are eligible for deferral, and deferral must be completed within 30 days of reinstatement of contract.

"Should Defendant REBA M. COOK accomplish either (1)(a) or (1)(b) above, then the installment contract being foreclosed shall be reinstated.

"2) If Defendant REBA M. COOK fails to reinstate her contract with Plaintiff as set forth above, Plaintiff BARBARA J. ZIMMERMAN shall be awarded the relief sought in her Complaint: Defendant REBA M. COOK shall be provided 30 days from entry of this decree or 30 days from termination of the stay pending any appeal of this decree, whichever last occurs, to pay the entire unpaid contract balance of $35,811.02 owed to Plaintiff on December 11, 1989, together with interest thereon at a rate of ten and three-fourths percent (10 3/4%) per annum thereafter, less full credit for any payments made to Plaintiff by Defendants since said date.

"3) If Defendants fail to accomplish the provisions for reinstatement or satisfaction by payment of the contract balance as set forth above, all named Defendants, and each of them except as hereafter set forth in paragraph 5, shall be forever barred and foreclosed of all interest in the following real property: [property description]

"The sums previously paid by Defendants to Plaintiff on the contract of sale of the real property shall belong to Plaintiff free from all right or claim of the Defendants, or any of them.

"4) Defendants not having sought to present evidence of damages on their counterclaim and Plaintiff not defending any claim for damages for breach of contract, Defendants' counterclaim for Plaintiff's breach of contractual agreement by foreclosure for nonpayment of deferred taxes is dismissed with prejudice. Any other claims submitted by any party are dismissed with prejudice."

Defendants appeal from the judgment, assigning error to the trial court's award of attorney fees and costs to plaintiffs and to its failure to award attorney fees and costs to defendants.[1] Plaintiff cross-appeals, contending that the trial court erred in finding that the parties had agreed that defendant could defer payment of property taxes and in failing to strictly foreclose the contract.

Because our resolution of the cross-appeal is dispositive, we discuss it first. The contract required payment of all taxes when due. Defendants consistently failed to pay the taxes. In 1988, some, but not all, of the taxes were deferred. Although the county had stayed foreclosure proceedings on the delinquent taxes, nondeferred taxes were owed and delinquent at the time the suit was filed. In May and June, 1990, after the action had been filed, defendants paid the delinquent taxes that had not been deferred.

Even assuming, as the trial court found and as defendants contend, that plaintiff agreed to permit defendants to defer payment of the taxes, the fact that there were delinquent taxes that had not been deferred at the time the action was filed was sufficient in and of itself to render the contract in default and to permit plaintiff to obtain strict foreclosure. Subsequent payment did not cure the default. *Kincaid v. Fitzwater*, 257 Or 170, 174, 474 P2d 742, 477 P2d 712 (1970); *Citizens Valley Bank v. Mueller*, 63 Or App 152, 156, 662 P2d 792 (1983). We conclude that, in view of the facts that defendants were in default and that plaintiff sought strict foreclosure as permitted by the contract, the trial court did not have the option to permit defendants to cure their default. It could order either strict foreclosure or foreclosure and judicial sale. *Blondell v. Beam*, 243 Or 293, 298, 413 P2d 397 (1966). Accordingly, we reverse the judgment of the trial court and remand for entry of a judgment requiring that defendants pay the full balance of the contract within a reasonable time to be fixed by the court, and, if they fail, terminating their interest in the contract by strict foreclosure. In light of our disposition of the cross-appeal, plaintiff is entitled to attorney fees, and we therefore affirm on the appeal.

---

[1] Defendants Barth, State of Oregon and Josephine County are not involved in this appeal.

Affirmed on appeal; on cross-appeal, reversed and remanded for entry of judgment for plaintiff not inconsistent with this opinion.