Argued and submitted March 4, affirmed November 2, 1994

Neil D. FEINSTEIN,
*Respondent,*

*v.*

Richard L. MILSNER,
*Appellant.*

(93-CV-0028; CA A80602)

884 P2d 583

Dennis D. James argued the cause for appellant. With him on the briefs was Nelson & James.

Lee A. Mills argued the cause for respondent. With him on the brief was Brophy, Mills, Gerking & Brophy.

Before Deits, Presiding Judge, and Riggs, Judge, and Buttler, Senior Judge.*

BUTTLER, S. J.

---

* Buttler, S. J., *vice* Richardson, C. J.

## BUTTLER, S. J.

In this action to judicially foreclose a deed of trust, both parties filed motions for summary judgment. ORCP 47A and 47B.[1] The trial court granted plaintiff's motion and denied defendant's. Defendant appeals.

In 1989, the parties entered into a joint venture agreement for the purpose of developing certain real property in Josephine County. Approximately two years later, plaintiff withdrew from the venture. Because the parties could not agree on the value of the venture's assets, the matter was submitted to arbitration. At the time of the arbitration, there was an outstanding claim against the venture for architectural services in the approximate amount of $44,000, one-half of which plaintiff conceded would be owing by him and was deducted from the amount that the arbitrator determined to be the value of plaintiff's interest.

Defendant decided to contest the architects' claim, as a result of which the architects filed a lien against the venture's real property. In order to effectuate the parties' agreement relating to plaintiff's withdrawal, they entered into a "Stipulation to Implement Terms of Joint Venture Agreement," pursuant to which plaintiff conveyed his interest in the venture's property to defendant, taking back a note secured by a deed of trust. That agreement provided that defendant would hold plaintiff harmless from any judgment that might be entered in favor of the architects in their action to foreclose their construction lien. The agreement specifically required defendant to

> "fully satisfy said claim and lawsuit and remove the existing lien against the property or bond around it within 30 days of the entry of any judgment in said action. Failure to perform

---

[1] ORCP 47 provides, in part:

"A  A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move, with or without supporting affidavits, for a summary judgment in that party's favor upon all or any part thereof.

"B  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits, for a summary judgment in that party's favor as to all or any part thereof."

this paragraph shall be a default in the note and deed of trust granted to [plaintiff]."

The architects filed a foreclosure action, and the claim was submitted to arbitration, resulting in an award in their favor on October 1, 1992. After learning that, plaintiff's attorney wrote defendant's attorney on October 5, 1992, demanding that defendant pay the amount determined to be owing the architects. Defendant did not do so, and judgment on the award was entered in that foreclosure action on January 13, 1993. Further demand was made on defendant to satisfy that obligation on February 8, 1993, explaining that a writ of execution was about to issue. On February 11, 1993, a writ of execution issued for the purpose of selling the property to satisfy the architects' judgment, which was against both parties.

When the judgment was not paid, plaintiff filed this foreclosure action on February 18, 1993, more than 36 days after the architects' judgment was entered. Defendant finally paid the judgment on March 15, 1993, more than 60 days after the judgment was entered and 25 days after this action was commenced.

■ Defendant argues that the trial court erred in granting plaintiff's motion for summary judgment because he cured the default before plaintiff filed his motion. He characterizes the default as a "technical" one that he should have been entitled to cure after the action was commenced. Plaintiff pointed out to the trial court the seriousness to him of having an outstanding judgment lien against the property that was his security for the money defendant owed him, particularly after a writ of execution had issued and notice of sale had been published. Defendant contends that the trial court ruled for plaintiff, at least in part, on the basis of those "arguments" and that it was error to have done so, because no such statements were contained in plaintiff's affidavits filed in support of his motion. ORCP 47C and 47D.[2]

---

[2] ORCP 47 provides, in part:

"C The motion and all supporting documents shall be served and filed at least 45 days before the date set for trial. The adverse party shall have 20 days in which to serve and file opposing affidavits and supporting documents. * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no

However, it is clear that plaintiff was simply responding to defendant's argument that the default was only a technical one and that plaintiff did not rely on facts, as such; rather, his remarks simply reminded the court of the legal consequences that flowed from an outstanding judgment lien against the property, on the basis of which a writ of execution had issued. Those consequences are the result of statutes relating to the enforcement of judgments. The trial court and this court may take judicial notice of the relevant law. OEC 202. Plaintiff also argued that the purpose of that default provision was to protect plaintiff from those consequences. Although defendant contends that no such fact is contained in plaintiff's affidavit, the proposition is an obvious one. Assuming that the trial court was influenced by counsel's statements, there was no error. In any event, we will ignore any factual statements made by plaintiff that are not included in his affidavit or are not otherwise in evidence.

■ Defendant's principal argument is that, because he cured the "technical" default after this foreclosure action was filed, the court should balance the equities and, after doing so, should refuse to permit foreclosure. He contends that, because the default is one that cannot be repeated, it is unlike the late payment of taxes or installment payments; therefore, the court should exercise its equitable powers and deny plaintiff the harsh remedy of judicial foreclosure. None of the cases cited by defendant supports that broad proposition; they involved actions for equitable relief, but not strict foreclosure of a trust deed or foreclosure of a mortgage. On the other hand, *Citizens Valley Bank v. Mueller*, 63 Or App

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *

"D Except as provided by section E of this rule, supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or further affidavits. When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."

152, 662 P2d 792 (1983), holds that a plaintiff's right to foreclose a mortgage for failure to pay real property taxes is not defeated by the defendant's payment of the taxes after the foreclosure is commenced.

Here, the deed of trust was clear and unambiguous, and defendant does not deny that he failed to pay the judgment or post a bond to avoid execution on the judgment within the 30 days required by the agreement. There being no genuine issue of material fact, plaintiff is entitled to a judgment of foreclosure.

Affirmed.