Argued and submitted April 5, affirmed December 26, 2007, petition for review denied May 7, 2008 (344 Or 539)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TIMOTHY SEAN SULLIVAN,
*Defendant-Appellant.*

Linn County Circuit Court
03112373; A127659

174 P3d 1095

Paula Johnson Lawrence argued the cause for appellant. With her on the brief was The Lawrence Law Firm.

Mary H. Williams, Solicitor General, argued the cause for respondent. With her on the brief was Hardy Myers, Attorney General.

Before Wollheim, Presiding Judge, and Landau and Sercombe, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant appeals a judgment of conviction for two counts of sexual abuse in the first degree. ORS 163.427. He advances five assignments of error, including that the trial court erred in overruling his objections to the admission of the child victim's testimony and hearsay statements that the victim made to others. We affirm, writing only to address defendant's arguments concerning the admissibility of the victim's testimony and her out-of-court statements.

The relevant facts are not in dispute. Defendant was charged with sex abuse arising out of allegations that he abused a minor child over a four-year period. The state offered the testimony of the victim, who was 12 years old at the time of trial. The trial court conducted a competency hearing. In response to the court's questions, the victim stated that she was 12 years old and in the sixth grade. She said that she understood the difference between the truth and a lie and that she knew that she had to tell the truth when giving testimony in court. She agreed that she would testify only to what she knew and that she would not "add some other stuff." The court told the victim that the attorneys would be asking her about several incidents that happened on more than one day. She told the court that she knew what that meant, although she cautioned that she is "not very good" at remembering specific dates. She responded affirmatively when the court asked her whether she recalled a time when she was touched in the private areas of her body, whether it happened on more than one occasion, and whether it was defendant who did the touching. She also responded affirmatively when the court asked her whether she had been made to touch another person's body in a way that made her feel uncomfortable. She recalled that such an incident occurred once. The victim also testified that, although she recalled talking to a doctor about the fact that she had been touched on the private areas of her body, she could not recall the specific number of incidents. She said, however, that it had occurred more than once, when she was in the fifth grade.

The trial court concluded that the victim was competent to testify. Later during the trial, the state called the

victim as a witness. She testified that defendant had touched her with his hands while in various locations, including in her bedroom and in a van. She said that defendant touched her in a "place where there's clothes normally." She did not audibly respond, however, to questions about precisely where she had been touched or what she was wearing at the time. She testified that she was not afraid to answer the questions and that she was not suffering from an inability to remember her answers. But, when pressed for details about the events at issue, the victim did not respond.

Defense counsel cross-examined the victim. She readily answered questions about her family, about her memories of various family events, and about her activities at school. She answered questions about defendant, in particular, and various activities she engaged in with him. She testified that she did not recall a conversation with defendant about inappropriate touching. When questioned about whether "something bad" happened to a classmate of hers, she replied, "I don't really want to talk about it, because that's not anybody in here's business."

On redirect, the state asked the victim whether she was having "a hard time talking about these things," and she replied "yeah." There was no further examination of the victim.

The state then offered the testimony of various witnesses who recounted statements that the victim had made to them about the details of defendant's conduct. Those witnesses included the victim's mother, a doctor who examined the victim, and the detective who had interviewed the victim. Defendant objected to that testimony on the ground that it was inadmissible hearsay foreclosed by *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). According to defendant, the testimony was inadmissible because the victim's testimony was so meager as to render her effectively unavailable for cross-examination. The trial court overruled the objection.

On appeal, defendant contends that the trial court erred both in determining that the victim was competent to testify in the first place and in concluding that she was available for cross-examination for the purposes of permitting the

state to introduce hearsay statements that the victim had made to other witnesses.

■ We begin with the question of the victim's competency. OEC 601 provides that "any person who, having organs of sense can perceive, and perceiving can make known the perception to others, may be a witness." The rule "establishes a liberal standard for competency of witnesses." Laird C. Kirkpatrick, *Oregon Evidence* § 601.03(1), Art VI (4th ed 2002). We review a trial court's determination of witness competency for an abuse of discretion. *State v. Bauman*, 98 Or App 316, 318, 779 P2d 185 (1989). A competent witness need only be able to recognize the necessity of telling the truth, to have personal knowledge and recollection of the relevant events, and be able to communicate that knowledge to the jury. *State v. Lantz*, 44 Or App 695, 700, 607 P2d 197, *rev den*, 289 Or 275 (1980). Whether a person who has the ability to perceive and recount an event will do so accurately and truthfully "is to be tested by cross-examination and not by a motion to disqualify the witness as incompetent." *Id.*

■ In this case, the trial court conducted a thorough examination of the victim during the pretrial competency hearing. As the trial court found, the victim recognized the necessity of telling the truth and showed that she was able to recall and recount what happened to her. The trial court did not abuse its discretion in concluding that she was competent. Defendant's argument to the contrary is that the "trial judge's examination was insufficient to explore concerns about the victim's competency." But defendant does not explain why he believes that to be the case. Defendant simply adds that the victim "could answer questions that she wanted to answer but did not answer other questions." That, however, does not undermine the fact that the trial court's questioning of the victim established the basic prerequisites of competency. We reject defendant's argument without further discussion and turn to his contention that the victim was "unavailable" for the purposes of determining the admissibility of hearsay testimony about what she told other witnesses.

■ As we have noted, defendant's argument is that, because the victim only selectively answered questions at

trial, she was effectively "unavailable" to testify, thus precluding the state from offering hearsay testimony about what she had told other witnesses. Defendant contends that, because the victim was unavailable, the hearsay statements were inadmissible under both the state and federal constitutions.

 Under Article I, section 11, of the Oregon Constitution, a determination that a witness is "unavailable" is "not applicable in instances where the declarant is available to testify and be cross-examined." *State v. Rumary*, 173 Or App 219, 221, 21 P3d 166 (2001). Similarly, the Sixth Amendment's Confrontation Clause has been held to "guarantee[ ] only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 US 15, 20, 106 S Ct 292, 88 L Ed 2d 15 (1985) (emphasis in original). It contains

> "no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. To the contrary, the Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose those infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness' testimony."

*Id.* at 21-22. *See also United States v. Owens*, 484 US 554, 559-64, 108 S Ct 838, 98 L Ed 2d 951 (1988) (Confrontation Clause is not violated by admitting testimony of witness who identified the defendant but who was "unable, because of a memory loss, to testify concerning the basis for the identification.").

In this case, defendant was given a full and fair opportunity to cross-examine the victim about her testimony and about her lack of memory about certain specifics and then to argue that, because of the nature of her answers, "scant weight" should be given to the testimony. *Fensterer*, 474 US at 20. The fact that she chose to respond selectively to the questions does not render her "unavailable" under either the state or federal constitution.

Affirmed.