224　　　　　January 10, 2024　　　　　No. 31

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARIEN DAQUAR PRICE,
*Defendant-Appellant.*

Yamhill County Circuit Court
20CR30001; A176421

Ladd J. Wiles, Judge.

Submitted May 25, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Following a bench trial, defendant was convicted of first-degree assault, ORS 163.185, and first-degree criminal mistreatment, ORS 163.205, for causing multiple injuries to a three-year-old child. On appeal, defendant first argues that the trial court plainly erred because it entered a verdict on both counts without finding that he acted with the proper culpable mental state with regard to the physical-injury element of the offenses. Defendant also argues that the trial court erred by finding that a five-year-old witness was competent to testify. We affirm.

Defendant seeks reversal of both of his convictions on the grounds that the trial court plainly erred when it failed to find that the state proved that he acted with the required culpable mental state for the physical-injury element of both offenses. The state was required to prove that defendant was at least criminally negligent with respect to the injuries he caused. *State v. Allen*, 321 Or App 678, 684-85, 517 P3d 1055 (2022).[1] Defendant did not preserve his claim and requests that we exercise plain-error review. ORAP 5.45(1). The state contends that, in this particular case (which involved a bench trial), any error is not plain and, regardless, any error that might have occurred was harmless.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). A trial court's instructional error is harmless if there is "little likelihood that the error affected the verdict." *State v. McKinney*, 369

---

[1] To the extent that defendant contends that the statutes at issue here require more than criminal negligence, those legal points are not "obvious and not reasonably in dispute," *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013), and, accordingly, those arguments are not appropriate for plain-error review.

Or 325, 334, 505 P3d 946 (2022) (quoting *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003)). However, "[e]ven if an error does not qualify as 'harmless,' our assessment of where it falls on the spectrum of 'likelihood' of having affected the verdict can be an important consideration to the exercise of discretion." *State v. Horton*, 327 Or App 256, 264, 535 P3d 338 (2023).

We need not resolve the question of whether the error was plain because in any event, even if the trial court plainly erred, we would not exercise our discretion to correct the error in these circumstances. The court found defendant guilty after hearing evidence that, to punish his three-year-old stepson for jumping on the bed, defendant hit the child hard enough to break his jaw, requiring the placement of three metal plates to repair it, as well as inflicting a separate injury to the child's forehead, which had a large knot on it. The court necessarily credited that evidence in reaching the verdict that it did, and it necessarily found that defendant intentionally or knowingly engaged in that conduct. *See* ORS 163.185(1)(b) ("A person commits the crime of assault in the first degree if the person *** [i]ntentionally or knowingly causes serious physical injury to a child under six years of age[.]"); ORS 163.205(1)(b)(A) (a person commits the crime of first-degree criminal mistreatment if the person "intentionally or knowingly *** [c]auses physical injury or injuries to the dependent person"). Under the circumstances, regardless of whether any error is strictly harmless, the likelihood that it affected the court's verdict is so low that we are unpersuaded that the ends of justice merit reversal based on the unpreserved claim of error. *See Horton*, 327 Or App at 264 ("The likelihood that the error affected the outcome goes to its 'gravity' and to 'the ends of justice.'"); *see also State v. Roy*, 275 Or App 107, 113, 364 P3d 1003 (2015), *rev den*, 359 Or 525 (2016) (recognizing that we exercise our discretion with "utmost caution," taking into account "the ends of justice" (internal quotation marks omitted)).

Defendant also challenges the trial court's finding that the five-year-old witness was competent to testify. We review a trial court's determination about witness

competency for abuse of discretion. *State v. Sarich*, 352 Or 601, 615-16, 291 P3d 647 (2012). Decisions about witness competency lean in favor of allowing the testimony. *State v. Milbradt*, 305 Or 621, 624, 756 P2d 620 (1988). "A competent witness need only be able to recognize the necessity of telling the truth, to have personal knowledge and recollection of the relevant events, and be able to communicate that knowledge to the jury." *State v. Sullivan*, 217 Or App 208, 212, 174 P3d 1095 (2007), *rev den*, 344 Or 539 (2008). The witness's perceptions must "encompass[ ] the sort of perceptions that will be relevant to the issues to be decided at trial" so that it is "worthwhile for the person to testify." *State v. J. H.*, 326 Or App 640, 645, 533 P3d 363 (2023) (citing *Sarich*, 352 Or at 616). Defendant argues that because the witness answered some preliminary foundational questions incorrectly, and the trial court did not directly admonish the witness that he was required to tell the truth, the trial court erred when it found the witness competent to testify.

The trial court did not abuse its discretion. Although the witness answered some questions incorrectly, he also answered many correctly. And, although the trial court did not warn the witness directly, the witness affirmed the importance of only telling the truth and that everything he said while on the stand "ha[d] to be true."

Affirmed.