Argued and submitted November 15, reversed and remanded December 4, 1986

WILLIAMS et ux,
*Respondents,*

*v.*

HAVERFIELD,
*Appellant,*
RYAN et ux,
*Respondents.*

(31601; CA A31916)

728 P2d 924

Stanley E. Clark, Redmond, argued the cause and filed the briefs for appellant.

Janine Curtis, Redmond, argued the cause for respondents Clifford G. Williams and Virginia I. Williams. With her on the brief was Bryant, Fitch & Filer, Redmond.

David M. Jaqua, Redmond, waived appearance for respondents John Ryan and Juanita Ryan.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

Defendant Haverfield appeals from a partial summary judgment in favor of plaintiff Virginia Williams in the action she and her husband, Clifford, brought for specific performance of a real estate contract. When the motion for summary judgment for Virginia was filed with supporting affidavits, Haverfield filed no response or opposing affidavits. After a hearing, the trial court found that there was no issue of any material fact raised by defendant's answer and indicated that Virginia would be entitled to partial summary judgment as a matter of law on the issue of performance under the original contract. However, the court denied the motion on the basis that it appeared to seek relief not authorized by ORCP 47, that is, summary judgment on particular issues of fact and on defendant's defenses.

Plaintiffs moved for reconsideration, arguing that both parties had treated the motion as one for summary judgment within the scope of the rule. Haverfield also moved for reconsideration, urging the trial court not to make findings regarding the facts comprising his defenses and offering affidavits which established genuine issues of material facts alleged in those defenses. After a hearing on these motions, the court granted Virginia's original motion for partial summary judgment, noting that both parties had treated the motion as one for partial summary judgment on her claim. In effect, the court allowed summary judgment on what amounted to a counterclaim by Haverfield. The ruling emphasized that Haverfield's affidavits were not considered, because ORCP 47 makes no provision for submission of affidavits after the hearing. Haverfield contends that the trial court erred in disregarding his affidavits and that, in any case, plaintiffs' affidavits do not show the absence of genuine issues of fact with respect to the relief sought. We reverse and remand.

It appears from the record that the Williamses, as tenants by the entirety, owned real estate which they sold to Haverfield and one Donaldson on an installment contract. Haverfield later acquired Donaldson's interest, then sold his interest to defendants John and Juanita Ryan, again by an installment contract. In late 1981, the Ryans owed Haverfield approximately $200,000, and Haverfield owed plaintiffs about

$50,000. At that time, Haverfield and Clifford signed an agreement with John Ryan, promising to give Ryan a free and clear deed to the property in exchange for certain precious gems. The affidavits present an issue of fact as to whether Clifford's agreement was binding on his wife.

The Williamses' complaint alleged the original contract sale to Haverfield and Donaldson, Haverfield's acquisition of Donaldson's interest and the potential interests of the Ryans and other named defendants. Haverfield was alleged to be in default and to owe the full balance as a result of the contract's acceleration clause. Plaintiffs alleged that they were ready to perform and prayed for specific performance by Haverfield or, in the event he failed to perform, for strict foreclosure.

The Ryans filed an answer which admitted that they held an interest in the property, denied all other allegations because of insufficient information, raised an affirmative defense of payment and prayed for a judgment of dismissal and attorney fees. Haverfield's answer admitted the original sale but denied default. His answer also alleged the agreement among Haverfield, Clifford Williams and John Ryan, and the actual delivery of jewels to Williams and Haverfield, as part of the affirmative defenses of accord and satisfaction, estoppel and waiver. Haverfield's answer contained no counterclaim denominated as such. However, there was an allegation that plaintiffs should be required to perform the Williams-Ryan-Haverfield contract, and the prayer requested specific performance. Plaintiffs filed no reply.

Virginia then filed a motion captioned "MOTION TO DISMISS, MOTION TO STRIKE; MOTION FOR LEAVE TO AMEND; MOTION FOR SUMMARY JUDGMENT." It sought dismissal, for failure to state a claim, of the "counterclaim" contained in Haverfield's allegations regarding the gem agreement. The supporting memorandum argued that the answer failed to allege an essential term of the agreement, the apportionment of the purchase price. The motion to strike involved the affirmative defense of estoppel. The motion for partial summary judgment requested summary judgment on three issues of fact: whether Clifford acted as Virginia's agent in signing the gem agreement; whether Virginia was estopped to deny full performance by Haverfield;

and whether Virginia had waived the right to require Haverfield to perform. Virginia's supporting affidavits stated, in effect, that Haverfield and Ryan were notified beforehand that the gem agreement with Clifford would not be binding on Virginia.

At the summary judgment hearing, when asked whether the facts regarding Clifford's duty to Virginia were in issue in the absence of counter-affidavits, Haverfield's counsel replied, "We could have thrown in affidavits that contradicted those things, but the point is the law says we don't need to do that and there are already other facts that would have to be litigated."

In its first letter ruling, the trial court indicated that Haverfield's defense to the summary judgment motion was vitiated by Virginia's affidavits, but nevertheless denied the motion. The court stated:

> "This motion has been difficult to decide as it seems plaintiff has not moved for partial summary order on 'all or any part' of her claim under ORCP 47(a). Instead it appears that she has asked the court to rule on Haverfield's right to rely on certain defenses, agency, estoppel, waiver. I am not sure that is within the scope of a partial summary judgment order under the Oregon Rules. Also, it seems to me that plaintiff, Mrs. Williams, is not entitled to have summary judgment on 'issues of fact' as she requested in her motion. That would be permissible under the federal rules (FRCP 56(d)) but it is not in Oregon.

> "Further, I am reluctant to read into plaintiff's motion requests which do not appear on its face. Is she asking for a partial summary order on the issue of performance under the contract? If so, as I have discussed above, she would be entitled to it as there is not any issue of material fact and she is entitled to the partial summary order as a matter of law.

> "But I think it is better to be safe and consider the motion for just what it requests. Therefore I find for the defendant, believing that the court lacks authority under ORCP 47 to grant the relief plaintiff requests."

In his motion to reconsider, Haverfield reiterated his position that it was unnecessary to raise factual issues in response to plaintiff's motion. He stressed that his allegations set forth affirmative defenses rather than a counterclaim and argued that the prayer was consistent with an equity court's

duty to avoid a multiplicity of suits. However, because the first ruling made specific findings regarding agency, estoppel and waiver, Haverfield urged the court to reconsider those findings in light of his and the Ryans' affidavits. He stated: "The Summary Judgment should not be addressed to a defense without also deciding the matter to which the defense is addressed."

The court's second letter ruling responded solely to the issue whether the court had been wrong in characterizing Virginia's motion as other than one for summary judgment on her claim. Concluding that it had, the court adopted the analysis of the first letter ruling, finding no issue of fact as to an essential element of Haverfield's defense to Virginia Williams' claim. The subsequent order stated:

> "Plaintiff's Motion for Partial Summary Judgment as to Virginia I. Williams on her claim and Defendant Haverfield's counterclaim is hereby granted * * *."

We first address the propriety of ordering summary judgment as to Virginia's claim. The complaint alleged that Haverfield had defaulted on the original contract. Haverfield's answer denied any default, and plaintiffs submitted no affidavits establishing the absence of a genuine issue of fact on this matter. Virginia was therefore not entitled, as a matter of law, either to specific performance by payment of the entire accelerated balance or to strict foreclosure. It was error to grant partial summary judgment on her claim.

Haverfield's allegations of an accord and satisfaction, together with his prayer for specific performance, present a more complicated question. He contends that the trial court abused its discretion by refusing to consider the affidavits submitted after the first hearing. The second letter ruling emphasized that those affidavits were not considered, because ORCP 47 makes no provision for submission of affidavits after the hearing.

Haverfield contends that the trial court should have considered all the affidavits on file at the time the summary judgment decision was made and that the decision in this case was made after his affidavits were filed. Virginia correctly contends that her motion for reconsideration sought a new decision based on the record at the time of the first hearing,

while Haverfield's motion for reconsideration was, in effect, a motion for a new hearing to present further evidence. It is true that the reopening of a summary judgment hearing is analogous to reopening a case after trial for presentation of new evidence, a matter in the discretion of the trial court. *Citizens Valley Bank v. Mueller,* 63 Or App 152, 156, 662 P2d 792 (1983). The trial court refused to consider Haverfield's affidavits, because it incorrectly believed it lacked the authority to do so under ORCP 47; the question now before us is whether that refusal was erroneous. We conclude that it was.

If Haverfield's affirmative allegations of accord and satisfaction constituted only an affirmative defense, he did not need to offer affidavits to support them, because Virginia Williams had not established the absence of issues of fact regarding her prima facie case. Only if the allegations of accord and satisfaction constituted a counterclaim would she be entitled to judgment as a matter of law on the basis of her uncontradicted affidavits and then only on the counterclaim.

Haverfield's allegations were designated an "affirmative defense," but the court was authorized to treat them as a counterclaim if Haverfield's designation was mistaken and "if justice so requires." ORCP 19B. However, Haverfield did not know the allegations would be treated as a counterclaim until after the first hearing. The first letter ruling indicated that these allegations were an affirmative defense and were not subject to a motion to dismiss under ORCP 21A(8) for failure to state a claim. Given the particular circumstances, we believe that Haverfield had good cause not to submit the affidavits at the first hearing and that the trial court erred by refusing to consider his affidavits when it later characterized the allegations as a counterclaim. Accordingly, we reverse and remand for a determination of Virginia's motion on the basis of all the affidavits on file at the time of the second hearing.

Reversed and remanded.