Argued and submitted December 30, 2020, affirmed July 8, 2021

THE FOUNDATION OF
HUMAN UNDERSTANDING,
*Plaintiff-Respondent,*

*v.*

Mark MASTERS,
*Defendant-Appellant,*
*and*

Michael LOFRANO
and David Masters,
*Defendants.*

Josephine County Circuit Court
17CV47697; A171050

496 P3d 684

In this declaratory judgment action, The Foundation for Human Understanding (FHU) filed suit seeking a declaration identifying the members of its board; FHU asserted that defendant was not a member of its board. After more than a year of discovery, motion practice, and hearings, the trial court granted FHU's motion for summary judgment. Defendant appeals, arguing that there are triable issues of material fact that preclude summary judgment. *Held*: Because the record reflects both that defendant was removed from the board and that he subsequently attempted to reconstitute the board as a director of it, an office in which the power to appoint and remove board members was not vested, the trial court did not err in concluding that there were no triable issues of fact as to the board's composition. Additionally, the trial court did not abuse its discretion by not considering evidence that was available to defendant before the court rendered its decision but was not submitted to the court until defendant's motion to reconsider. Accordingly, the trial court did not err in granting summary judgment to FHU.

Affirmed.

Kathleen E. Johnson, Judge.

Max C. Whittington argued the cause for appellant. Also on the briefs was Cauble, Selvig & Whittington, LLP.

James R. Dole argued the cause for respondent. Also on the brief was Watkinson Laird Rubenstein, P.C.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Plaintiff, The Foundation for Human Understanding (FHU), filed suit seeking a declaratory judgment identifying the members of its board and declaring that defendants were not board members. After more than a year of discovery, motion practice, and hearings, the trial court granted FHU's motion for summary judgment. Defendant Mark Masters[1] appeals that judgment, arguing that there are triable issues of fact that preclude summary judgment. For the reasons explained below, we conclude that the trial court did not err in granting summary judgment to FHU. Consequently, we affirm.

We first summarize the relevant factual and procedural history, as well as the parties' arguments before the trial court, then we turn to Mark's[2] appeal. FHU is a California nonprofit corporation that was established in 1984. Under Article III of the foundation's original bylaws, Roy Masters served in the role of Founder, and the office of the Founder had the sole authority to appoint or remove directors. Roy's son Mark was named as one of the directors of the foundation. In September 2016, Roy removed Mark from FHU's board of directors.

In September 2017, having been removed from the board, Mark arranged an FHU "board meeting" with David Masters, whom Roy had also removed from the board. Mark also invited Roy to participate in the meeting as a director of FHU. At that meeting, Mark and David, asserting that they were directors of FHU, purported to remove Roy from, and add Michael Lofrano—who had previously done financial work for FHU—to, FHU's board of directors. After the meeting, Lofrano sent a letter to Roy and the other members of the board that notified them that "there [had] been a change in the officers and directors of FHU[,]" they had been replaced, and the new board consisted of Mark, David, and Lofrano.

---

[1] Michael Lofrano and David Masters, also defendants below, did not join in this appeal.

[2] We refer to the members of the Masters family mentioned in this opinion—Mark, Roy, and David—by their first names for ease of understanding.

In response, FHU initiated the action on appeal by seeking a declaratory judgment that FHU's "true and lawful board of directors are Roy Masters, Wendy Taylor, Charles Williams, Alan Masters, and Dianne Linderman and that [Mark, David, and Michael Lofrano] are not officers or directors of the Foundation and have no lawful right or authority to participate in the Foundation's management or control or to control any assets or records of the Foundation." FHU moved for summary judgment, contending that Lofrano was never a board member and that Mark and David were properly removed from the board by Roy and thus had no authority to continue acting as directors or to add or remove board members. Mark opposed the summary judgment motion, arguing both that his 2016 removal from the board was invalid and that he and David had lawfully changed the composition of FHU's board in 2017.

During a hearing on FHU's motion, Mark asserted that there was a previously undisclosed amendment to FHU's bylaws, adopted in 2003, that "specifies that in the event of Roy Masters' incapacity, [Mark] is appointed as successor founder." In a supplemental response in opposition to FHU's motion for summary judgment, Mark provided the court with a copy of the purported 2003 amendment, and he asserted in a declaration that Roy had become incapacitated "in 2016." However, Mark did not claim that he had taken any action under the authority of the office of the Founder since that time. Mark's declaration also did not address the seeming inconsistency of inviting Roy to participate in the purported board meeting in September 2017, if Roy was incapacitated and no longer able to serve.

The trial court granted FHU's motion for summary judgment in a letter opinion in March 2019. The court stated that FHU's bylaws "make it clear that the Founder has sole authority to appoint and remove members of the Board of Directors[,]" and Mark had been properly removed under that authority. The court further concluded that the attempted removal of Roy during the alleged "board meeting" was undertaken by Mark and David as purported members of the board of directors. Consequently, even if the purported 2003 amendment was valid (a determination the

trial court did not make) and operated to make Mark the Successor Founder in the event of Roy's incapacity, FHU was still entitled to summary judgment because Mark did not proffer evidence of his assumption of the role of Founder. The parties agree that only the office of the Founder, no other office within the board of directors, is vested with the authority to remove board members; however, Mark did not assert that he was acting as the Founder when he attempted to remove Roy. Rather, the evidence in the record reflects Mark tried to remove Roy as a director himself—an office which does not have the power to do so.

Mark filed a motion for reconsideration, in which he informed the trial court for the first time that Roy had been legally adjudged to be incapacitated in October 2018. Mark argued that, regardless of any of the prior actions of any board members, "the subsequent incapacity of Roy Masters makes [Mark] the successor Founder and grants him the sole discretion to appoint and remove Board members. *** [Mark] has used that authority to [reconstitute the board] in March of 2019." The trial court entered its general judgment in May 2019, in which it referenced its letter opinion granting FHU's motion for summary judgment and declared that the composition of FHU's board was as FHU contended.

On appeal, Mark contends, in an argument that deviates from his initial opposition to summary judgment, that "Roy Masters was legally incapacitated at some point prior to summary judgment being granted, and therefore, under the [FHU bylaws and the 2003 amendment], Mark Masters lawfully became the Successor Founder of FHU and gained the sole authority to appoint or remove members of the board of directors." Mark makes two arguments to support that contention: first, that his removal from the board in 2016 was invalid, and thus Mark and David effectively reconstituted the board in 2017; second, that Mark became Successor Founder in October 2018 when Roy was legally adjudged incapacitated and therefore Mark gained the power to reconstitute the board then if at no time before.

We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine issues as to any material fact and the moving party is

entitled to judgment as a matter of law. *Buchwalter-Drumm v. Dept. of Human Services*, 288 Or App 64, 66, 404 P3d 959 (2017). "No genuine issue as to a material fact exists if * * * no objectively reasonable juror could return a verdict for the adverse party." ORCP 47 C. We view the facts in the light most favorable to the nonmoving party—here, Mark—and draw all reasonable inferences therefrom in that party's favor. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). For the following reasons, we affirm the trial court's grant of summary judgment.

First, Roy was authorized to remove Mark from his position as a director of FHU in 2016. Mark does not dispute that Roy, as Founder, had the authority to remove him from the board. Mark does suggest that the removal was invalid because Roy was incapacitated at the time, but the minutes reflect the removal and all evidence in the record reflects that Roy acted in the role of Founder at that time. Moreover, the record is sparse as to any evidence of Roy's incapacity in 2016. That evidence consisted of a declaration in which Mark testified that he "considered [Roy's incapacity] to have occurred in 2016," and a declaration from an attorney for FHU who asserted that Roy was incapacitated "[b]y late 2015." However, the trial court granted FHU's motion to strike those declarations in the same letter opinion in which it granted FHU's motion for summary judgment, and Mark does not challenge that decision on appeal.[3]

Next, Mark contends that he properly removed Roy from the board in 2017 because Roy was incapacitated at that time. If the 2003 amendment is valid, its operation would render Mark the Successor Founder in the event of Roy's incapacity, a position with authority to remove directors. However, regardless of Roy's alleged incapacity, the record reflects that Mark acted as a purported director, not Successor Founder, when he attempted to remove Roy from and otherwise reconstitute FHU's board in 2017. Moreover, in his opposition to FHU's motion for summary judgment, Mark averred that he and David, as directors of FHU at a

---

[3] Mark contests the legitimacy of the board meeting at which Roy removed him from the board. However, Mark does not point to any requirements in the bylaws that the Founder exercise his authority to remove directors during a board meeting.

board of directors meeting, removed Roy from the board and subsequently sent a letter to notify the other board members that "there [had] been a change in the officers and directors of FHU" and listed the purported new directors as Mark, David, and Michael Lofrano. That letter asserted only that Mark was a director, not the Successor Founder, nor did it mention the office of the Founder at all.[4]

Even if Roy had not validly removed Mark from the board in 2016 or if Roy was incapacitated in 2017, neither Mark nor David had the authority *as director* to appoint or remove board members. Consequently, Mark and David's purported additions and removals of board members could not have altered the board's composition. Accordingly, the trial court did not err when it concluded that there were no remaining issues of material fact with respect to the composition of FHU's board of directors as of 2017.

Finally, Mark asserts that he became Successor Founder by operation of the purported 2003 amendment when Roy was adjudged incapacitated in October 2018. However, despite that judgment being rendered five months before the trial court issued its letter opinion, Mark did not put it into evidence or even mention it until his motion for reconsideration. Mark did not argue that he became FHU's Successor Founder as a result of the October 2018 incapacity judgment or that he took any actions under that authority during the summary judgment briefing or hearings. Indeed, he did not present evidence of Roy's incapacity in 2018 until the trial court had already rendered its decision.

It is within the trial court's discretion to decline requests to supplement the summary judgment record after the court has rendered its decision. *Williams v. Haverfield*, 82 Or App 553, 559, 728 P2d 924 (1986) (requesting "the reopening of a summary judgment hearing is analogous to reopening a case after trial for presentation of new evidence,

---

[4] The only evidence of incapacity that was not stricken from the record supports this conclusion. In a declaration, David averred that when "the Board took action to remove Roy Masters and reconstitute the Board of Directors [in 2017], we did so with the knowledge that Roy Masters had become incapacitated and we had the authority to do so by virtue of [the 2003] Bylaw Amendment." Regardless of David's belief as to Roy's capacity, he acknowledged that the removal was undertaken by him and Mark as "the Board," not as Successor Founder.

a matter in the discretion of the trial court"). And it is not an abuse of that discretion for a trial court to decline to consider evidence submitted for the first time in a motion for reconsideration when the moving party "gave no indication why that [evidence] could not have been submitted prior to the trial court's consideration of plaintiff's motion for summary judgment." *Citizens Valley Bank v. Mueller*, 63 Or App 152, 156, 662 P2d 792 (1983). Here, Mark never provided any reason that he was unable to provide that judgment to the court before it issued its letter opinion in March 2019. To the contrary, the record reflects that Mark knew about the incapacity judgment and was in communication with Roy's appointed guardian no later than January 2019.[5]

Here, the trial court allowed for extended development of the record through multiple hearings, continuances, and filings from the parties, including allowing Mark to file a supplemental response to the summary judgment motion with new evidence.[6] Because a trial court makes its determination about summary judgment on the basis of the record before it, which is composed of "the pleadings, depositions, affidavits, declarations, and admissions *on file*," *see* ORCP 47 C (emphasis added), Mark was required to put all available evidence that he wanted the court to consider into the record before the trial court decided the motion.

In light of the multiple opportunities that defendant had to submit the October 2018 incapacity judgment, the trial court did not abuse its discretion when it did not consider evidence submitted for the first time in a motion to reconsider. Moreover, given the evidence in the record at the time that the trial court rendered its decision, Mark did not establish a triable issue of fact as to the composition of FHU's board of directors. Accordingly, we also conclude that the trial court did not err in granting summary judgment

---

[5] Notably, in those communications with Roy's appointed guardian, emails submitted to the court by FHU as an exhibit to a declaration in support of its summary judgment motion, Mark expressed *opposition* to placing Roy in a memory-care facility, because, in Mark's opinion, Roy's impairment was temporary.

[6] *See* ORCP 23 E ("Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.").

to plaintiff without reaching the issue of the validity of the 2003 amendment.

Affirmed.