Argued and submitted February 25, reversed and remanded June 15, 2022

WAVE FORM SYSTEMS, INC.,
an Oregon domestic corporation and
Wave Form Lithotripsy, LLC,
a Washington limited liability corporation,
*Plaintiffs-Appellants,*

*v.*

Russell HANSCOM,
an individual,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV36515; A174367

514 P3d 126

This action arises out of allegedly unfair competition among medical contractors. Defendant Hanscom started Bedrock Lithotripsy, LLC, to provide medical equipment and services to area hospitals, and is its managing member. He started it with two of plaintiffs' then-employees with the intention of competing with plaintiffs, two affiliated entities that provide the same services. Plaintiffs previously sued Bedrock and its two former employees in connection with that conduct and, when it proposed amending the complaint to join Hanscom, Bedrock stated in an email that it would object. After that case was tried to completion, plaintiffs brought this action. The trial court granted summary judgment to Hanscom on the ground that he was in privity with Bedrock, such that the doctrine of claim preclusion barred this subsequent action against Hanscom. Plaintiffs appealed. *Held*: The Court of Appeals found that Hanscom was in privity with Bedrock in the first action but that there was a factual dispute as to whether Bedrock, in effect, waived Hanscom's ability to assert the doctrine of claim preclusion by objecting to joining him in that action. The trial court therefore erred in granting summary judgment.

Reversed and remanded.

Eric J. Neiman, Judge pro tempore.

J. Kurt Kraemer argued the cause for appellants. Also on the opening brief were Katie Jo Johnson and McEwen Gisvold LLP. Also on the reply brief was Tyler J. Bellis.

Keith A. Pitt argued the cause for respondent. Also on the brief was Slinde Nelson.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Reversed and remanded.

## LAGESEN, C. J.

This action for intentional interference with economic relations and contract arises out of competition—alleged to be unfair—in the field of lithotripsy, which involves the use of shockwaves to break up kidney stones. Defendant Hanscom started Bedrock Lithotripsy, LLC, to provide lithotripsy equipment and services to area hospitals, and is its managing member. He started it with the intention of competing with plaintiffs Wave Form Systems, Inc. (WFS), and Wave Form Lithotripsy, LLC, (WFL) (collectively, Wave Form), two affiliated entities that provide the same services. Defendant, in fact, started Bedrock with two WFL employees, McComber and Hill, and successfully negotiated contracts with Providence, which had been Wave Form's customer. Wave Form previously sued Bedrock, McOmber, and Hill in connection with that conduct and, when it proposed amending the complaint to join Hanscom, Bedrock stated in an email that it would object. After that case was tried to completion, Wave Form brought this action. The trial court granted summary judgment to Hanscom on the ground that he was in privity with Bedrock, such that the doctrine of claim preclusion barred this subsequent action against Hanscom. We reverse, concluding that Bedrock's statement that it would object to the amendment of the complaint creates a factual dispute as to whether the defense of claim preclusion has been waived.

We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. *Foundation of Human Understanding v. Masters*, 313 Or App 119, 123-24, 496 P3d 684 (2021). We view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor. *Id.* at 124.

As noted, this case relates to a prior case brough by Wave Form against Bedrock, McOmber, and Hill. Hanscom, McComber, and Hill formed Bedrock in June 2017 as a Washington limited liability company, listing Hanscom as a "governing" person and the "registered agent" with the Washington Department of Revenue and Secretary of

State's office. McOmber and Hill were employed by WFL until August 17, and August 23, 2017, respectively. A few weeks after Bedrock's formation, and while McOmber and Hill were still employed by WFL, Hanscom emailed two of plaintiffs' customers, apprising them of the formation of a new business that would compete with plaintiffs. At least one customer immediately began reducing its business with Wave Form and, in September 2017, terminated its contract with plaintiffs and signed a new contract with Bedrock. That contract was signed by Hanscom as Chief Executive Officer.

Wave Form sued Bedrock, McOmber, and Hill the next month. Wave Form ultimately asserted claims for (1) unfair competition against McOmber, Hill, and Bedrock, (2) breach of confidential relationship against McOmber and Hill, (3) breach of duty of loyalty against McOmber and Hill, (4) violation of the Uniform Trade Secrets Act against all defendants, (5) a declaratory judgment for injunctive relief against all defendants, and (6) breach of employment agreement against McOmber and Hill.

In the course of the case, Wave Form learned about Hanscom's role in forming Bedrock. Hanscom had never been employed by plaintiffs but he allegedly benefited from the insider knowledge of his associates, McOmber and Hill, as the three planned and formed Bedrock. After discovering Hanscom's role, Wave Form proposed amending the complaint to add claims against Hanscom and sent a proposed first amended complaint to the lawyer for Bedrock, McComber, and Hill. That proposed amended complaint, among other things, added Hanscom as a defendant and alleged additional claims of intentional interference with economic relations and defamation against him. In the email that accompanied the proposed amended complaint, Wave Form's lawyer noted that "[t]he claims against Mr. Hanscom seem best suited for inclusion in this case, but we could also bring those in a separate lawsuit if you object and the court agrees that they are not sufficiently related to the claims and factual allegations in this case." Counsel for Bedrock, McOmber, and Hill objected to adding Hanscom to the case, responding:

"I have not been engaged by Russ Hanscom individually, and I don't know who his counsel will be. I cannot speak to what he would or would not allow in his individual capacity.

"On behalf of Bedrock, [McOmber, and Hill], we will not agree to any of these amendments. These additional claims are frivolous (like the prior ones) and the delay in trying to amend claims is unacceptable. *** As presented, this amendment would prejudice the defendants, and we will object."

In response, Wave Form requested to contact Hanscom directly to seek his input, noting that it was likely that

"he's well aware of the issues in this case and [that] it would be more economic[al] for the court and the parties to have those claims tried at the same time since the factual issues overlap. But if he's going to request a set over of the trial date upon being joined, then that may influence whether or not we sue him separately."

Ultimately, Wave Form did not attempt seek to add Hanscom to the case and it was tried to a jury. The jury found in Wave Form's favor, in part, but awarded a fraction of the recovery that had been sought.[1]

Six months later, Wave Form filed the current case. Hanscom filed a motion for summary judgment on the ground of claim preclusion. He argued that Wave Form "previously/fully litigated these same transactions, occurrences and/or damages/remedies to final adjudication/judgment - against Bedrock Lithotripsy, LLC," and that he was in privity with Bedrock because he was an agent and indemnitee. He also sought an award of attorney's fees. The trial court agreed with Hanscom and granted the motion.

At issue on appeal is whether the trial court erred in concluding that the undisputed facts demonstrate as a matter of law that claim preclusion bars Wave Form's action

---

[1] The jury found Bedrock liable for a total of $60,000 damages ($50,000 of which was punitive) for willfully or maliciously misappropriating plaintiffs' trade secrets. The jury also found that Hill was not liable for any damages and McOmber was liable for a total of $10,000 damages ($6,250 punitive) for maliciously breaching a confidential relationship with plaintiffs and maliciously misappropriating trade secrets.

against Hanscom. At its core, the doctrine of claim preclusion bars a party from pursuing a claim that could have been brought in a prior action arising out of the same factual transaction. Under the circumstances present here, to establish claim preclusion, Hanscom was required to show: (1) that Wave Form prosecuted an action through to a final, binding judgment; (2) that this second action is based on the same factual transaction that was at issue in the first, (3) that the remedy sought in the second action is additional or alternative to the one sought earlier, (4) that the claim in the second action is of such a nature that it could have been joined in the first action, and, (5) that, because Hanscom was not made a party to the prior action, that Hanscom was in privity with a party to the prior case. *Bloomfield v. Weakland*, 339 Or 504, 510-11, 123 P3d 275 (2005).

On appeal, Wave Form focuses its argument on the privity element, contending that the trial court erred in determining that Hanscom was in privity with Bedrock so as to allow him to assert the defense of claim preclusion. Alternatively, Wave Form argues that even if Hanscom is in privity with Bedrock, there is, at a minimum, a dispute of fact as to whether Bedrock, in effect, waived Hanscom's ability to assert the doctrine of claim preclusion by objecting to joining him in the previous action. We agree with the latter argument.

As both parties acknowledge, in evaluating whether a judgment against a corporate entity should be afforded preclusive effect as to an officer, director, or shareholder, we have looked to the *Restatement (Second) of Judgments* § 59 (1982). *Eagle-Air Estates Homeowners Assn., Inc. v. Haphey*, 272 Or App 651, 661-63, 354 P3d 766 (2015), *rev den*, 359 Or 166 (2016); *Ditton v. Bowerman*, 117 Or App 483, 487, 844 P2d 919 (1992), *rev den*, 316 Or 527 (1993). That section explains that a judgment against a corporate entity ordinarily will not give rise to either claim or issue preclusion against an officer, director, or shareholder except in certain specified circumstances:

> "Except as stated in this Section, a judgment in an action to which a corporation is a party has no preclusive effects on a person who is an officer, director, stockholder, or member of

a non-stock corporation, nor does a judgment in an action involving a party who is an officer, director, stockholder, or member of a non-stock corporation have preclusive effects on the corporation itself.

"(1)   If a relationship exists between a corporation and an officer, director, stockholder, or member of a non-stock corporation, such as that of principal and agent, indemnitee and indemnitor, or successor in interest to property, from which preclusive effects follow under rules governing that relationship, the judgment has preclusive effects in accordance with those rules.

"(2)   The judgment in an action to which the corporation is a party is binding under the rules of *res judicata* in a subsequent action by its stockholders or members suing derivatively in behalf of the corporation, and the judgment in a derivative action by its stockholders or members is binding on the corporation."

*Restatement (Second) of Judgments* § 59 (1982).

In this instance, Hanscom argues, and the trial court determined, that he was in privity with Bedrock, both because Hanscom was acting as Bedrock's agent when engaging in the conduct underlying Wave Form's complaint against Bedrock and because Bedrock's operating agreement and Washington law both make Bedrock Hanscom's indemnitor on Wave Form's claims. We agree. By its terms, the complaint alleges that Hanscom interfered with Wave Form's economic and contractual interests by engaging in conduct on behalf of Bedrock, in order to negotiate contracts between Bedrock and Wave Form's customers. And Bedrock's operating agreement requires Bedrock to indemnify Hanscom "in connection with or resulting from any claim, action, or demand against a Member, the Company or any of their agents that arise out of or in any way relate to the Company, its properties, business, or affairs." That is, as pleaded, Wave Form's action seeks to hold Hanscom liable for conduct taken on behalf of Bedrock, and for which, the undisputed facts reflect, Bedrock would have an indemnification obligation. That is sufficient to establish that Hanscom is in privity with Bedrock for purposes of the doctrine of claim preclusion, thereby permitting Hanscom to

assert that the prior judgment involving Bedrock should be given claim-preclusive effect in this proceeding.

That is not the end of the story. Also relying on the *Restatement*, specifically, *Restatement* section 26(1)(a), we have recognized that, by acquiescing in split litigation, a party waives the ability to assert the defense of claim preclusion. *Aguirre v. Albertson's*, 201 Or App 31, 47-51, 117 P3d 1012 (2005). Section 26(1)(a) provides that a prior action does not extinguish a basis for a second action against a defendant where "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein[.]" *Restatement* § 26. In *Aguirre*, we relied on that section of the *Restatement* to conclude that a final federal court judgment should not be given claim-preclusive effect in a state court proceeding, where the state and federal matters were pending simultaneously and the defendant raised no objection to the split proceeding. *Id*. at 51. We reasoned that the rule embodied in the *Restatement* "avoids abuses," noting that other courts have observed that a contrary rule, allowing a litigant to delay objecting to separate proceedings that otherwise could be joined, would encourage inappropriate tactical maneuvers. *Id*.

Here, the summary judgment evidence, when viewed in the light most favorable to Wave Form, the nonmoving party, would allow for a finding that the defense of claim preclusion has been waived by acquiescence. A factfinder could find that Bedrock, with whom Hanscom is in privity, objected to adding Hanscom to the first case because of the delay it would cause in the first case, thereby acquiescing to a separate proceeding against Hanscom.

Hanscom offers two primary arguments against this conclusion. We are not persuaded by either.

First, Hanscom asserts that the waiver rule embraced by *Aguirre* only applies in the context of simultaneous proceedings and does not apply in the context of sequential proceedings. Hanscom is correct that *Aguirre* addressed parallel proceedings and also is correct that we stated that the waiver rule "is implicated when a plaintiff pursues multiple actions involving the same claim simultaneously, as

opposed to sequentially." *Aguirre*, 201 Or App at 49. But, the *Restatement* itself explains that the rule is broad enough to apply in the context of sequential proceedings. *Restatement* section 26 comment a explains that the main purpose of the rule against claim splitting "is to protect the defendant from being harassed by repetitive actions based on the same claim. The rule is thus not applicable where the defendant consents, in express words or otherwise, to the splitting of the claim." *Restatement* § 26 comment a. The ultimate question is whether the defendant by "words or otherwise" consented to or acquiesced in the claims being pursued in separate actions, simultaneous or sequential.

Second, Hanscom asserts that there is no basis to conclude that *he*, as distinct from Bedrock, consented to or acquiesced in the separate actions, so as to deprive him of the ability to assert the defense of claim preclusion. The flaw in that argument is that Hanscom was not a defendant in the first case. Because Hanscom was not a defendant in the first case, he can assert the defense of claim preclusion in this case only by virtue of the fact that he is in privity with Bedrock. And parties in privity are essentially different sides of the same record: "[P]rivity 'is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include the other within *res judicata*.'" *Bloomfield*, 339 Or at 511 (quoting *Wolff v. Du Puis*, 233 Or 317, 321, 378 P2d 707 (1963)). Treating Hanscom and Bedrock as having a close enough relationship to permit Hanscom to assert claim preclusion because of Bedrock's involvement in the first case necessarily means that Bedrock's objection to joining Hanscom in the first case must be attributed to Hanscom in this one. To conclude otherwise would be inequitable where, as here, Hanscom's ability to assert the doctrine of claim preclusion flows directly from his relationship with Bedrock. *See Bloomfield*, 339 Or at 511 (explaining that "claim preclusion will not operate to bar [the plaintiffs'] claims in the present action unless it is fundamentally fair to do so").

In sum, although the trial court correctly concluded that Hanscom's relationship with Bedrock was close enough to allow Hanscom to assert the defense of claim preclusion,

a reasonable factfinder could conclude that, under the circumstances present here, Bedrock's objection to adding Hanscom to the prior proceeding waived Hanscom's ability to assert the defense of claim preclusion based on his relationship with Bedrock. For that reason, the trial court erred in granting summary judgment.

Reversed and remanded.