***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted on April 2, on respondent's motion to dismiss filed December 16, 2021, and appellant's response to respondent's motion to dismiss filed April 5; motion to dismiss as moot denied; reversed and remanded July 13, 2022

UMPQUA SAFARI RV PARK,
*Plaintiff-Respondent,*

*v.*

Jessica McGREW
and all other occupants,
*Defendant-Appellant.*

Douglas County Circuit Court
20LT01645; A173913

Jason R. Thomas, Judge pro tempore.

Harry Ainsworth filed the brief for appellant.

George W. Kelly filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Motion to dismiss as moot denied; reversed and remanded.

## ORTEGA, P. J.

Defendant appeals a judgment that dismissed counterclaims she asserted in response to plaintiff's complaint for forcible entry and detainer (FED). The trial court ruled that it was required to dismiss defendant's counterclaims once it had granted a motion by plaintiff to dismiss the initial FED complaint. The court reasoned that, because the FED complaint "was dismissed in open court before any evidence was presented or any witnesses heard, the counterclaims must be dismissed along with the complaint." On appeal, defendant argues that the court's ruling was based on an incorrect view of the law: The dismissal of the underlying FED complaint does not require the dismissal of counterclaims that are authorized by statute.

Plaintiff concedes that the trial court's rationale for dismissal of the counterclaims was erroneous, and that concession is well taken. Initially, plaintiff also conceded that this case should be reversed and remanded for further proceedings. However, plaintiff subsequently filed a motion to dismiss the appeal as moot based on events that transpired later—namely, plaintiff's filing of a new FED complaint, which gave defendant an opportunity to assert any counterclaims that erroneously had been dismissed, and the court's subsequent judgment in plaintiff's favor on that new complaint, which awarded possession of the premises to plaintiff. According to plaintiff, defendant's answer in the later FED action "was her one opportunity to bring forth all claims, whatever they were, against plaintiff," and rules against claim-splitting will bar her from litigating her counterclaims on remand in this action. For that reason, plaintiff argues, this court cannot provide meaningful relief and should dismiss the appeal as moot.

We reject plaintiff's contention that, on the record before us, the doctrine of claim preclusion would operate to bar defendant's counterclaims on remand. As we recently explained in *Wave Form Systems, Inc. v. Hanscom*, 320 Or App 285, 292, 514 P3d 126 (2022), "we have recognized that, by acquiescing in split litigation, a party waives the ability to assert the defense of claim preclusion." That appears to be what happened here. Plaintiff conceded in this case that

the judgment must be remanded for further proceedings on the counterclaims, and nothing that plaintiff has submitted in support of its motion to dismiss as moot suggests that plaintiff objected to the split proceedings while the other action was being litigated to judgment. Accordingly, we reject plaintiff's argument that the case is moot, accept plaintiff's concession of error, and reverse and remand for further proceedings.

Motion to dismiss as moot denied; reversed and remanded.