518 June 10, 2026 No. 528

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WAVE FORM SYSTEMS, INC.,
an Oregon domestic corporation,
and Wave Form Lithotripsy, LLC,
a Washington limited liability corporation,
*Plaintiffs-Respondents,*

*v.*

Russell HANSCOM,
an individual,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CV36515; A183825

Kelly Skye, Judge.

Argued and submitted December 17, 2025.

Pilar C. French argued the cause for appellant. Also on the briefs was Ballard Spahr LLP.

Katie Jo Johnson argued the cause for respondents. Also on the brief were J. Kurt Kraemer, Tyler J. Bellis, and McEwen Gisvold LLP.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

This is the second appeal in this action regarding competition in the field of lithotripsy. *See Wave Form Systems Inc. v. Hanscom*, 320 Or App 285, 514 P3d 126 (2022) (*Hanscom I*). Defendant assigns error to the trial court's denial of attorney fees under ORS 20.105(1). As explained below, we affirm.

Before bringing this action, plaintiffs brought a different action, which we refer to as the Bedrock action, against Bedrock Lithotripsy, LLC, and two of its employees, McOmber and Hill, based on the same general underlying events at issue in this case. The facts and procedural history are described in our previous opinion, and we do not repeat them except for the points that are significant here. In the Bedrock action, a jury awarded a total of $70,000 to plaintiffs for competition-related injuries caused by Bedrock and McOmber. Specifically, the jury awarded $10,000 in damages against McOmber for breach of confidential relationship and violation of the Uniform Trade Secrets Act and $50,000 in damages against Bedrock for violation of the Uniform Trade Secrets Act. In the Bedrock action, plaintiffs did not allege defamatory statements by any of the defendants or seek recovery on a theory that they had suffered reputational damage.

After that jury award, plaintiffs brought this action against defendant Hanscom, who is Bedrock's principal but who was not named as a defendant in the Bedrock action. The claims against defendant were for intentional interference with plaintiffs' business relationships with McOmber and Hill and with one of plaintiffs' customers, Providence Health & Services. Plaintiffs alleged that defendant interfered with their business relationships with McOmber, Hill, and Providence when defendant "enticed, encouraged and/or convinced McOmber and Hill" to solicit confidential information from Wave Form and disclose it to him, which he then used to "broker contracts between Bedrock and Wave Form customers, including Providence." Plaintiffs further alleged that defendant interfered with their relationship with Providence "by additional improper means, specifically by using misrepresentations, disparaging falsehoods, and

defamation." Plaintiffs sought to recover "the expected revenue that Wave Form lost as a result of [defendant's] interference, damages to Wave Form's reputation that occurred as a result of [defendant's] interference, and the attorney fees and costs Wave Form expended to protect and salvage their business relationships with which [defendant] interfered."

The trial court granted summary judgment for defendant on claim-preclusion grounds, and plaintiff appealed. Just after plaintiffs filed that appeal, the judgment in the Bedrock action was satisfied in full.

On plaintiffs' appeal of the general judgment, we concluded that, although the allegations in this case indicated that defendant was in privity with Bedrock and, consequently, claim preclusion could apply, there was a genuine issue of material fact as to whether defendant had waived the ability to assert claim preclusion. *Hanscom I*, 320 Or App at 293-94. On that ground we reversed the trial court's grant of summary judgment to defendant and remanded. *Id.* On remand, plaintiffs ultimately dismissed their claims with prejudice.

Defendant sought attorney fees pursuant to ORS 20.105(1), contending, for several reasons, that plaintiffs' claims lacked an objectively reasonable basis. As relevant here, defendant argued that the allegations of the complaint, when considered in light of the Bedrock action and the satisfaction of the Bedrock judgment, showed that plaintiffs had already received full satisfaction from joint tortfeasors of defendant, namely Bedrock and McOmber, for the pleaded injuries. Defendant contended that, once the Bedrock judgment was fully satisfied, plaintiffs lacked any reasonable basis to pursue claims against him. In support of that argument, defendant cited the principle that a "judgment creditor [is] entitled to only one satisfaction of his judgment." *Starr v. Heckathorne*, 270 Or 238, 240-41, 527 P2d 401 (1974) (applying that common law rule to hold that a plaintiff's recovery against one tortfeasor must be reduced to account for payments to the plaintiff from another tortfeasor for the same injury); *see Savelich Logging v. Preston Mill Co.*, 265 Or 456, 465, 509 P2d 1179 (1973) ("Where a plaintiff obtains a judgment against one of several joint tortfeasors,

and the judgment constitutes an adjudication of all of plaintiff's damage, satisfaction of that judgment discharges each of the other tortfeasors from liability."); ORS 31.810(6) ("The recovery of a judgment for an injury or wrongful death against one tortfeasor does not of itself discharge the other tortfeasors from liability for the injury or wrongful death unless the judgment is satisfied.").

The trial court concluded, among other things, that the two actions were not for a single injury to plaintiffs—that the damages plaintiff sought in this action were "distinct"—and that the Bedrock action therefore was not "an adjudication of all of plaintiff[s'] damage." *Savelich Logging*, 265 Or 465. It reasoned that, in light of our holding on appeal that claim preclusion did not necessarily bar the claims, plaintiffs had an objectively reasonable basis for bringing them.

On appeal, defendant contends that that was error. He does not challenge the trial court's reasoning regarding claim preclusion. Rather, defendant contends that the damages awarded by the jury in the Bedrock action encompassed the injuries alleged in this action, such that, when the Bedrock judgment was satisfied, plaintiffs received full satisfaction for the single injury alleged in both actions and, as a result, they lacked any objectively reasonable basis for their claims after that point.

ORS 20.105(1) provides that, in a civil action in circuit court, "the court shall award reasonable attorney fees to a party against whom a claim *** is asserted" if that party is the prevailing party and "there was no objectively reasonable basis for asserting the claim." Whether there was an objectively reasonable basis for asserting a claim is a question of law. *Minihan v. Stiglich*, 258 Or App 839, 861, 311 P3d 922 (2013). A claim lacks an objectively reasonable basis only if it is "entirely devoid of legal or factual support." *Magno, LLC v. Bowden*, 313 Or App 686, 691, 496 P3d 1049 (2021) (internal quotation marks omitted). A claim is devoid of factual support when "no evidence is offered that, if believed, would support a finding and a resulting judgment" for the claimant and devoid of legal support when "there is no law—case law, statute, rule or regulation—that supports" the claim. *Id.* (internal quotation marks omitted).

Initially, we note that this case is unusual in that, although it is undisputed that plaintiffs split their claim by bringing two separate actions, the first against Bedrock and its employees, and the second against Bedrock's principal for actions taken on behalf of Bedrock as part of the same series of transactions, claim preclusion forms no part of our analysis because, in the previous appeal, we held that there was a question of fact as to whether defendant had waived his ability to assert that defense. *Hanscom I*, 320 Or App at 293-94. That question of fact was never resolved, and, consequently, we do not consider claim preclusion at all in this opinion.

We thus confine our analysis to whether the "one satisfaction rule" that defendant attributes to the sources cited above barred plaintiffs' claim in this case because plaintiffs received full compensation for the injury alleged in this case when the judgment in the Bedrock action was satisfied. We assume without deciding both that the rule defendant identifies could apply here and that Bedrock, McOmber, and defendant in this case may properly be characterized as joint tortfeasors under these circumstances.

In order to conclude that there is no objectively reasonable basis for plaintiffs' claims in this case, the trial court understood, and we agree, that, in the Bedrock action, plaintiffs' recovery must have included damages for *all* the injuries alleged in the complaint. That is, to the extent that, in this case, plaintiffs alleged injury that was not addressed in the Bedrock action, their claim is not barred by the one satisfaction rule and, consequently, it is not devoid of legal and factual support.[1]

Defendant correctly points out that there is substantial overlap between the facts and injury alleged in the Bedrock action and those alleged in this action; in both, plaintiffs contended that, as defendant phrases it, the defendants caused "injury to plaintiffs by misappropriating plaintiffs' trade secret and confidential information and using it to then usurp plaintiffs' customers." However, as noted

---

[1] Of course, it might have been barred by claim preclusion, but, because that issue was never resolved, there is no way to know, and so that could not be a basis to say that the case was devoid of merit.

above, in the Bedrock action, plaintiffs did not allege any defamatory statements and did not allege that they suffered reputational damage as a result of any defamatory statements. Nor does the record reveal the litigation of any such issue.

Defendant argues that the complaint in this case "sought to impose liability against defendant as a joint tortfeasor who caused or encouraged the Bedrock defendants to commit unlawful acts." That may be true, but it does not answer the question of whether the two complaints alleged the same injury. Unlike the complaint in the Bedrock action, the complaint in this case alleges interference through defamatory statements by defendant that, it alleges, caused harm to plaintiffs' reputation. Accepting that defendant made those statements on behalf of Bedrock, nevertheless, those allegations, and the corresponding allegation of harm to plaintiffs' reputation, address a different injury from the injuries addressed in the Bedrock action, which were based on the defendants' misuse of plaintiffs' trade secrets.

To the extent that defendant contends that the injury must be the same because the scope of the injury from Bedrock's, McOmber's, and defendant's conduct during the series of transactions at issue was already determined in the Bedrock action and cannot be relitigated now, that argument rests on claim- or issue-preclusion principles, not on the one satisfaction rule. The one satisfaction rule has been applied in cases in which it is undisputed or conclusively established that multiple actors caused an indivisible injury. *See, e.g.*, *Starr*, 270 Or at 239 (the rule applied where the plaintiff had been injured in an automobile accident caused by all the defendants); *Savelich Logging*, 265 Or at 458, 466 (noting the rule and concluding that an agreement between the injured party and the plaintiff did not release the defendant from liability where the injury was undisputedly a singular timber trespass, which was alleged to have been caused by both the plaintiff and the defendant). Although ordinarily the judgment in the Bedrock action might bring this situation within the rule (keeping in mind our assumptions noted above) by conclusively establishing the scope of plaintiffs' injury from the series of transactions

at issue in both cases, this is not an ordinary case, because preclusion principles are excluded from the analysis given the procedural posture of this appeal.

At oral argument, defendant suggested that the reputational injury pleaded in this case was addressed by injunctive relief granted in the Bedrock action. We disagree because, in the Bedrock action, there were no allegations of "misrepresentations, disparaging falsehoods, and defamation." Because it was never litigated in this case and the record does not contain any indication that those statements were at issue in the Bedrock action, we cannot say that the alleged statements would have created the same injury as the injury at issue in the Bedrock action. That distinguishes this case from those in which an undisputedly single injury—for example, injuries from a car crash or timber trespass—results from the actions of joint tortfeasors.

Under the circumstances, we agree with the trial court that the injuries alleged in this case are not entirely encompassed within the injuries alleged and litigated in the Bedrock action and, consequently, that the one satisfaction rule did not bar plaintiffs' claim. The trial court did not err in concluding that plaintiffs' claim was not, as a matter of law, devoid of legal or factual support and, consequently, denying defendant's request for fees under ORS 20.105.

Affirmed.